UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

The Law Offices of S. Daniel Hutchison
135 N. Broad Street
Woodbury, NJ 08096
Phone: 856-251-1235

S. Daniel Hutchison, Esq.
Attorney for Debtor(s)

Order Filed on September 30, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey

In Re:
Julia Deni

Case No.: 15-32827
Hearing Date: 9/30/16
Chapter: 13
Judge: JNP

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:   ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: September 30, 2016**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____39 Gilbert Avenue, Westville_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒    In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Margie Blair-Thomas of Harvest Realty |
| Amount to be paid: | $7,200.00 - to be split with the Buyers Agent |
| Services rendered: | Market and Sell Real Property located at 39 Gilbert Avenue, Westville, NJ 08093 |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $___1,095.00___ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions: (a) The request to waive Rule 6004(h) is hereby GRANTED;

(b) The judgment owed by co-owner/seller Francis Jacob Trzaska III in the approximate amount of $15,000.00 shall be paid directly from this seller's net proceeds;
(c) $18,850.79 shall be paid directly to Jo Ann McMonagle which represents the reimbursement of repairs and upkeep of the property that she paid out of pocket;
(d) $12,577.80 shall be paid to the Chapter 13 Standing Trustee, Isabel Balboa which represents the non-exempt proceeds of the debtor, Julia Deni. The $12,557.80 non-exempt funds are to be an additional base to unsecured creditors that timely filed claims.

*rev.8/1/15*